JOHN A. CODMAN & others *vs.* WILLIAM EVANS.

An owner of land may maintain an action for the erection of a bay-window which extends over his line, by the adjoining owner, although that portion of his land which is covered by the bay-window has been laid out and is used as a highway; and evidence of a custom so to erect bay-windows is inadmissible.

TORT to recover damages for the continuance of bay-windows, projecting from the defendant's dwelling-house so as to overhang the plaintiffs' land.

At the trial in the superior court, before *Rockwell,* J., it appeared that the injury complained of was a continuance of the same injury for which a former action had been brought, between the same parties. 1 Allen, 443. The plaintiffs put in

evidence the former judgment and proved their title to the close described in the declaration; and the defendant proved his title to the adjoining close, and offered evidence to show that the portion of the plaintiffs' land over which the bay-windows extended was part of a passage extending from Tremont to Avery and Mason Streets, open at both ends, and had been used as a common thoroughfare since 1811, and that the bay-windows did not interfere with its use as a highway. He also offered evidence to prove that it was and for nineteen years had been usual and customary in Boston to build bay-windows projecting over highways in a similar manner and to a like extent as that erected by him; and for more than sixty years to build balconies and other similar projections over highways, projecting as far as the bay-windows in question. But the judge rejected the evidence, and a verdict was returned for the plaintiffs. The defendant alleged exceptions.

*G. O. Shattuck*, ( *G. Putnam, Jr.* with him,) for the defendant.
*C. A. Welch & W. S. Dexter*, for the plaintiffs.

CHAPMAN, J. The parties are owners of adjoining lands, and the defendant's house stands on or near the line. The construction of his deed was settled in the former case between the same parties. 1 Allen, 443. He has erected a bay-window which extends beyond the line, over the plaintiffs' land, and maintains it there. The justification which he sets up in this action is, that there is a highway over the plaintiffs' land, extending to the line, and that his structure does not interfere with the use of the way. But this furnishes no legal defence. Nothing is better settled than that a highway leaves the title of the owner unaffected as to everything except the right of the public to make and repair it and use it as a way, and for some other public purposes, such as drainage and the laying of aqueducts; and that an adjoining proprietor has no more right to erect and maintain a permanent structure over the land than if no highway was there. A mere easement has passed to the public, leaving the fee in the owner. An adjoining proprietor may have occasion to use the way in connection with his land, in a different manner from other people. In *O'Linda* v. *Lothrop*, 21

Pick. 292, it was held that he might swing his gate or door over the way, suffer his horses or carriages to stand upon it, lay building materials upon it designed to be used on his land, and throw earth upon it as he removed the earth from his cellar. But these are all temporary acts, and are connected with the use of the way. He may spread earth upon it to make it more level and his access to it from his premises more convenient; but this is merely fitting it more perfectly to be used as a way. In *Underwood* v. *Carney*, 1 Cush. 285, the uses of the way which were held to be legal were of the same character as those in *O'Linda* v. *Lothrop*. They did not constitute permanent occupation; nor do those cases justify any occupation except for a reasonable time, and as connected with its use as a way. Here the occupation has been permanent, and having no connection with the use of the way.

The evidence of the alleged custom was rightly rejected. If there be a custom in Boston to erect bay-windows, balconies and other structures over the streets, provided they do not interfere with the rights of the public, by proprietors who own the soil of the street, such a custom has no application to the case. If it be a custom to erect them over the land of other people, such a custom is illegal; and the defendant cannot justify himself in occupying his neighbor's property as a part of his dwelling-house on the ground that such trespasses are customary in Boston. *Homer* v. *Dorr*, 10 Mass. 26. *Waters* v. *Lilley*, 4 Pick. 145. In some of our ancient highways the fee has always been in the town. Probably this is the case as to many of the streets of Boston. It does not follow from the decision of this case that the public could maintain an action like the present. There are also many cases where lands adjoining the highway have been so conveyed that, by our established construction of deeds, the fee of the land from the side line to the centre of the highway remains in the grantor, though both parties actually supposed it was conveyed. It is now too late to discuss the question whether it would not have been better to hold that all deeds bounding on the highway conveyed all the rights of the grantor as far as the middle of the way, as deeds bounding on streams

extend to the thread. But in such cases, where there are no covenants such as are contained in the deed of Amory to Apthorp respecting the way, and defining the rights of the parties, (see 1 Allen, 444,) and where the grantor has no other land adjoining the highway to be affected by building a structure over the way, and can have no possible use of his fee so long as the highway exists, it does not follow from the decision in this case that he can maintain an action for the erection of such a structure. For in the present case the plaintiff not only has a right to have the whole space occupied by the street open, from the soil upwards, for the free admission of light and air, and the prospect unobstructed from every point, but it is a right of appreciable value in reference to himself and his grantees, who are proprietors of the other land adjoining the way. If the defendant may obstruct the light and air and prospect by means of a bay-window, he may by a much larger structure, and thereby greatly injure the property bounding on the street.

These views make it unnecessary to decide the questions argued as to the actual existence of the highway; because, if it does exist, that fact does not constitute a defence to the action. *Exceptions overruled.*